UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

SALLY TRIMM BRINKMAN                                CIVIL ACTION

VERSUS                                              NO: 06-9640

STATE FARM FIRE & CASUALTY                          SECTION: "A" (2)
INSURANCE CO., ET AL.


### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Sally Trimm Brinkman. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on June 27, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

### I. BACKGROUND

Plaintiff, a citizen of Louisiana, initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Mel Malone Insurance Agency, Inc. ("Malone"), also a Louisiana citizen. Plaintiff complains that her property sustained flood damage during Katrina but that when she attempted to make a claim she was advised that she had no coverage in effect. Plaintiff alleges that a Malone representative contacted her on August 5, 2005, to advise her that the flood premium was due and Plaintiff

paid $200 in cash at that time. (Pet. ¶ V). Plaintiff alleges that prior to the Malone phone call she had received no written notification of renewal or cancellation. (Id. ¶ VI). When Plaintiff began to investigate the problem she learned that Malone had never paid the premium. (Pet. ¶ X). Plaintiff also alleges that when she presented State Farm with her receipt for the premium she was advised the policy had already lapsed and was therefore subject to a thirty day waiting period before the policy would become effective again. (Id. ¶ XI). Plaintiff alleges that when she paid the premium on August 5, 2005, the Malone representative had specifically denied that coverage had lapsed in any way. (Id. ¶ XII).

State Farm removed the suit to this Court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. State Farm argues that as a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), it is entitled to remove this case. Plaintiff moves to remand the case arguing that an improper procurement claim such as this one does not allow for removal under the grounds asserted.

**II. DISCUSSION**

In Wright v. Allstate Insurance Co., 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit held that state law tort claims based on

2

a WYO's handling of an insurance claim are preempted by federal law.  The NFIP is a "child of Congress, conceived to achieve policies national in scope, and [because] the federal government participates extensively in the program both in a supervisory capacity and financially." Id. at 390 (quoting West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978)).  The Fifth Circuit has yet to decide whether claims pertaining to a WYO carrier's negligent procurement of a policy are preempted by federal law.  This Court has previously held, Johnson v. Williams, No. 06-5630, Rec. Doc. No. 13, and several judges in this district have concluded that procurement claims like those at issue in this case do not implicate federal law because claims for a WYO carrier's errors and omissions are not paid by the federal government.  See, e.g., Landry v. State Farm Fire & Cas. Co., 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Bennen v. Allstate Ins. Co., No. 06-5742, 2006 WL 3240786 (E.D. La. Nov. 6, 2006) (Lemmon, J.).

The facts alleged in the petition demonstrate that Plaintiff is making a claim for State Farm's negligence in administering an existing flood policy--not for negligence in conjunction with procuring a policy.  As Plaintiff notes in her petition the SFIP contains specific procedures pertaining to the mailing of renewal notices.  Resolving the claims at issue will likely require the Court to refer to federal law or to the provisions of the SFIP.

Moreover, Malone might very well be reimbursed by FEMA for expenses related to the defense of Plaintiff's claims pertaining to its administration of the policy.  See Williams v. State Farm Ins. Co., No. 06-9300, 2007 WL 1029477, at * 3 (E.D. La. Mar. 29, 2007).  In sum, the case was properly removed to federal court.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by plaintiff Sally Trimm Brinkman should be and is hereby **DENIED**.

June 26, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4